UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| NICK MALONE, JASON HOWARD, and JEREMIAH KINWORTHY, each individually and on behalf of all others similarly situated,<br><br>v.<br><br>ARC INSPECTION SERVICES, LLC; BRANDON GOBLE; and SHANE WELLS | Case No. 7:19-cv-00296<br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.  Nick Malone, Jason Howard, and Jeremiah Kinworthy bring this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2.  Arc Inspection Services, LLC, Brandon Gobles, and Shane Wells are hereinafter referred to jointly as "Arc."

3.  Arc offers weld inspection services.

4.  To perform its inspection services, Arc employs many workers like Malone, Howard, and Kinworthy.

5.  These workers are paid a flat hourly rate for all hours worked, without any overtime premium for hours in excess of 40 in a workweek and which did not account for non-discretionary bonuses Arc paid to these workers.

6.  Arc simply paid an arbitrary hourly rate for overtime hours which did not include a full overtime premium, including non-discretionary bonuses these workers received, for those hours worked in excess of 40 in a workweek.

7. Arc is required to pay an overtime premium to these workers at 1.5x their regular hourly rate.

8. In addition, Arc is required to include non-discretionary bonuses in calculating the "regular rate" it uses to pay overtime to these workers.

9. But Arc does not include the bonuses in calculating the regular rate used to pay these workers.

10. So when Arc's hourly workers work more than 40 hours in a week, even if they were paid any amounts for what Arc calls overtime, they would have been paid that overtime based on an artificially low regular rate.

11. Arc's policy of excluding bonuses from these workers' regular rates violates the FLSA.

12. Malone, Howard, and Kinworthy are three of the many non-exempt, hourly workers who were denied proper overtime wages due to Arc's illegal policy.

13. This collective action seeks to recover the unpaid wages and other damages owed to Malone, Howard, Kinworthy, and other workers like them at Arc.

## JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Malone, Howard, and Kinworthy worked for Arc in this District and Division.

## PARTIES

16. Malone was, at all relevant times, an employee of Arc.

17. Malone was an hourly employee of Arc.

18. Malone's written consent is attached as Exhibit A.

19. Howard was, at all relevant times, an employee of Arc.

20. Howard was an hourly employee of Arc.

21. Howard's written consent is attached as Exhibit B.

22. Kinworthy was, at all relevant times, an employee of Arc.

23. Kinworthy was an hourly employee of Arc.

24. Kinworthy's written consent is attached as Exhibit C.

25. The class of similarly situated employees or potential class members sought to be certified is defined as:

> **All employees of Arc Inspections Services, LLC who were paid by the hour, but were not paid 1.5x their regular hourly rate (including adjustments for non-discretionary bonuses), at any point in the past three years.**

26. Arc Inspection Services, LLC ("Arc Inspection") is a Texas limited liability company with its headquarters and principal place of business in Denton County, Texas. It may be served by service upon its registered agent, **Shane Wells, 3700 Saint Johns Dr., Denton, TX 76201**, or by any other method authorized by law.

27. Richard Brandon Goble is a natural person. He may be served by service upon him at **2894 Iberis Rd., Abilene, TX 79606**, or wherever he may be found.

28. At all relevant times, Goble was an owner of Arc Inspection.

29. At all relevant times, Goble was a manager of Arc Inspection.

30. At all relevant times, Goble was a member of Arc Inspection.

31. At all relevant times, Goble exerted operational control over Arc Inspection.

32. Shane Wells is a natural person. He may be served by service upon him at **3700 Saint Johns Dr., Denton, TX 76201**, or wherever he may be found.

33. At all relevant times, Wells was an owner of Arc Inspection.

34. At all relevant times, Wells was a manager of Arc Inspection.

35. At all relevant times, Wells was a member of Arc Inspection.

36. At all relevant times, Wells exerted operational control over Arc Inspection.

37. Arc Inspection, Goble, and Wells employed and/or jointly employed Malone, Howard, Kinworthy, and the Putative Class Members.

38. Arc Inspection, Goble, and Wells are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

39. Arc was an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. Arc was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41. During at least the last three years, Arc has had gross annual sales in excess of $500,000.

42. Arc was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

43. Arc employs many workers, including Malone, Howard, and Kinworthy, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

44. The goods and materials handled, sold, or otherwise worked on by Malone, Howard, Kinworthy, and other Arc employees and that have been moved in interstate commerce include, but are not limited to, radiographic testing and oilfield equipment.

## FACTS

45. Arc provides weld inspection services to the oilfield and other industries.

46. Malone began working for Arc in January 2018.

47. Howard began working for Arc in July 2018.

48. Kinworthy began working for Arc in September 2018

49. Malone, Howard, and Kinworthy were employed as inspectors/radiographers providing inspection services to Arc's clients.

50. Malone, Howard, and Kinworthy worked as weld inspectors for Arc.

51. Malone, Howard, and Kinworthy were hourly employees of Arc.

52. Arc did not pay Malone, Howard, or Kinworthy a salary.

53. Arc did not pay Malone, Howard, or Kinworthy on a fee basis.

54. Arc paid Malone, Howard, and Kinworthy by the hour.

55. For example, Arc paid Malone $24 per hour.

56. Arc paid Malone $26 per hour.

57. And Arc paid Kinworthy $23 per hour.

58. Malone, Howard, and Kinworthy reported the hours they worked to Arc on a regular basis.

59. Malone, Howard, and Kinworthy's hours are reflected in Arc's records.

60. Arc paid Lewis at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

61. Malone, Howard, and Kinworthy normally worked more than 40 hours in a week.

62. When they worked more than 40 hours in a week, Arc did not pay Malone, Howard, and Kinworthy at 1.5x their regular rate for any of these overtime hours.

63. Sometimes, Arc would simply pay Malone, Howard, and Kinworthy the same hourly rate for all hours they worked ("straight time for overtime").

64. Even when it paid them overtime, Arc would base that overtime rate only on their regular hourly rate.

65. In other words, Arc did not add in non-discretionary bonuses when calculating Arc's overtime rate.

66. But under the FLSA, Arc was required to include those bonuses in calculating Malone, Howard, and Kinworthy's overtime pay.

67. As a result, even when they were paid overtime, Malone, Howard, and Kinworthy were paid only on their hourly rates, rather than their full "regular rate" as required by the FLSA.

68. Arc's standard operating procedure is to calculate overtime, when paying it at all, without including the non-discretionary bonuses in its workers' regular rates of pay.

69. Arc was well aware of the overtime requirements of the FLSA.

70. Arc nonetheless failed to pay overtime to certain hourly employees, such as Malone, Howard, and Kinworthy.

71. These hourly employees performed work that is primarily manual labor in nature.

72. Under the FLSA, the work performed by these employees is non-exempt manual labor.

73. While some training by Arc may be involved, Malone, Howard, Kinworthy, and the Putative Class Members' jobs do not require advanced skill or intense study.

74. Malone, Howard, Kinworthy, and the Putative Class Members are not highly trained mechanics, technicians, or engineers.

75. Malone, Howard, Kinworthy, and the Putative Class Members were not allowed to vary from the job duties that were predetermined for them.

76. Malone, Howard, Kinworthy, and the Putative Class Members were provided with mandatory forms, reports, and other documents that had to be completed each day and/or for each project.

77. Truly, these workers have little or no discretion in how to do their job, or the jobs of others they work with.

78. Even though Malone, Howard, Kinworthy, and the Putative Class Members perform very routine, technical, and manual labor job duties, Arc uniformly failed to pay overtime to these workers.

79. Arc knew, or showed reckless disregard for whether, its policy of not calculating and paying overtime at the full, regular hourly rate violated the FLSA.

80. Arc's failure to pay full overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

81. Malone, Howard, and Kinworthy incorporate all other allegations.

82. The illegal pay practices Arc imposed on Malone, Howard, and Kinworthy were likewise imposed on the Putative Class Members.

83. Arc employs many other hourly workers who worked over 40 hours per week

and were subject to Arc's same patter, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

84. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

85. Based on their experiences and tenure with Arc, Malone, Howard, and Kinworthy are aware that Arc's illegal practices were imposed on the Putative Class Members.

86. These workers were similarly situated within the meaning of the FLSA.

87. Arc's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

## CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

88. Malone, Howard, and Kinworthy incorporate all other allegations.

89. By failing to pay Malone, Howard, Kinworthy, and the other Putative Class Members overtime at 1.5 times their regular rates, Arc violated the FLSA. 29 U.S.C. § 207(a).

90. Arc owes Malone, Howard, Kinworthy, and the other Putative Class Members the difference between the rate actually paid and the proper overtime rate.

91. Because Arc knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Arc owes these wages for at least the past three years.

92. Arc also owes Malone, Howard, Kinworthy, and the other Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

93. Malone, Howard, Kinworthy, and the other Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

**RELIEF SOUGHT**

94. Wherefore, Malone, Howard, and Kinworthy pray for judgment against Arc as follows:

(a) For an order certifying this case as a collective action for the purposes of the FLSA claims;

(b) For an order finding Arc liable for violations of state and federal wage laws with respect to Malone, Howard, Kinworthy, and all Putative Class Members covered by this case;

(c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Malone, Howard, Kinworthy, and all Putative Class Members covered by this case;

(d) For a judgment awarding Malone, Howard, Kinworthy, and all Putative Class Members covered by this case their costs of this action;

(e) For a judgment awarding Malone, Howard, Kinworthy, and all Putative Class Members covered by this case their attorneys' fees;

(f) For a judgment awarding Malone, Howard, Kinworthy, and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(g) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Matthew S. Parmet*
_____
**Matthew S. Parmet**
Texas Bar # 24069719
**PARMET PC**
PO Box 540907
800 Sawyer St. (77007)
Houston, Texas 77254
phone  713 999 5228
fax      713 999 1187
matt@parmet.law

**Attorneys for Plaintiffs**