**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NICK MALONE, *et al.*,<br><br>v.<br><br>ARC INSPECTION SERVICES, LLC, *et al.* | **Case No. 7:19-cv-00296-DC-RCG**<br>FLSA Collective Action<br><br>Judge David Counts<br><br>Magistrate Judge Ronald C. Griffin |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

**A.    SUMMARY**

The Parties have reached a Settlement Agreement in this Fair Labor Standards Act (FLSA) case. The Settlement Agreement represents the culmination of over a year of investigation, litigation, and negotiation. Once approved, it will provide meaningful relief to Plaintiffs.

The Settlement Agreement is a compromise of disputed claims and does not constitute an admission by Arc Inspection Services, LLC, Shane Wells, or Brandon Goble (together, "Arc") of any violation of any federal, state, or local statute or regulation; of any violation of any of Plaintiffs' rights; or of any duty owed by Arc to Plaintiffs. Arc expressly denies Plaintiffs' claims and disputes Plaintiffs' entitlement to recover any damages; and disagrees with Plaintiffs as to, for example and without limitation: the number of hours Plaintiffs actually worked; whether Arc was required to include any additional amounts in Plaintiffs' regular rates; whether Arc's alleged FLSA violations were made in good faith and on reasonable grounds; and whether Arc's alleged FLSA violations were willful.

The Parties have entered into their Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, the

Parties jointly request the Court approve the Parties' Settlement Agreement and dismiss Plaintiffs' claims with prejudice.

## B.    THE SETTLEMENT AGREEMENT

The Settlement Agreement (Ex. A) has been filed separately under Seal as agreed by the Parties.

## C.    ARGUMENT & AUTHORITIES

### 1.    The Parties have reached a formal settlement agreement.

The Settlement Agreement attached to this motion has already been agreed upon and executed by the Parties. Under the Settlement Agreement, half of each Plaintiff's individual settlement amount will be characterized as wages and the other half as liquidated damages and interest for tax withholding and reporting purposes. The settlement amounts have been allocated to each Plaintiff and class member based on their respective pay rates and estimates of their time worked. In addition to the settlement payment, Arc will pay the employer's portion of any payroll taxes due. Plaintiffs will release their FLSA claims.

### 2.    The settlement represents a reasonable compromise of this litigation.

Plaintiffs brought claims against Arc for their alleged failure to pay overtime for all hours and at the full regular rate, as well as the payment of Plaintiffs' wages at a "straight-time-for-overtime" rate. Arc disputes Plaintiffs' claims as to liability and amount. This Settlement provides the current Plaintiffs and similarly situated potential class members with proportional recovery of their claims based on the amounts owed to each Plaintiff for each of the claims.

The settlement was reached after the Parties and their counsel attended a half-day mediation with Dennis Clifford on December 3, 2020. The Parties mutually selected Mr. Clifford due to his knowledge and experience in employment matters, including cases

arising under the FLSA. Mr. Clifford is board certified in Labor and Employment Law by the Texas Board of Legal Specialization. He has also served as an expert witness in wage-and-hour cases.

In addition to Mr. Clifford's mediation efforts, all Parties have been represented by experienced counsel. Plaintiffs' counsel, Matthew S. Parmet, has served as lead or co-lead counsel in numerous wage-and-hour actions with multiple plaintiffs. *E.g.*, *Kerr v. K. Allred Oilfield Servs., LLC*, No. 2:20-cv-00477-WJ-SMV, ECF No. 30 (D.N.M. Nov. 19, 2020) (certifying nationwide class of independent contractors for FLSA claims); *Leja v. Brousseau Mgmt. Co., LLC,* No. 19-020269-BAJ-EWD, 2020 WL 1330357 (M.D. La. Mar. 20, 2020) (conditionally certifying FLSA straight-time-for-overtime class); *Leja,* 443 F.Suppp.3d 714 (M.D. La. 2020) (denying employer's motion to compel arbitration in FLSA case); *Clay v. New Tech Global Ventures, LLC*, No. 6:16-cv-00296-JWD-CBW, ECF No. 201 (W.D. La. Sept. 19, 2019) (entering judgment on jury verdict for employer in FLSA case) ; *Moresi v. Resource Energy Ventures and Constr. Co. LLC*, No. 6:15-cv-2224-MJJ-CBW, ECF No. 104 (W.D. La. Jul. 19, 2019) (granting summary judgment on liability and damages in conditionally certified FLSA independent contractor case); *Moresi*, 2019 WL 2565634 (W.D. La. Jun. 18, 2019) (denying defendant's motion for decertification of FLSA collective action). Arc's counsel is Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization and has experience in wage and hour litigation in both federal and state courts and federal and state administrative investigations.

In his work on behalf of plaintiffs in FLSA cases, Mr. Parmet has successfully recovered unpaid overtime and associated damages on behalf of many workers. *E.g.*, *Lewis v. All About You Home Healthcare, Inc.*, No. 2:18-cv-01409-JDC-KK, ECF No. 94 (W.D. La. Jun.

22, 2020) (approving FLSA settlement agreement); *Moresi*, No. 6:15-cv-2224-MJJ-CBW, ECF No. 110 (W.D. La. Sept. 13, 2019) (same); *Williams v. Jackson Hands of Change, LLC*, No. 2:19-cv-00646-GGG-MBN, ECF No. 25 (E.D. La. Sept. 10, 2019) (same); *Cox v. Black Dog Oilfield, LLC*, No. 5:18-cv-00991-EEF-MLH, ECF No. 35 (W.D. La. Oct. 30, 2018) (entering joint stipulation of dismissal with prejudice after litigation); *Dunn v. Brousseau Mgmt. Co., L.L.C.*, No. 3:19-cv-0051-JWD-EWD, ECF No. (M.D. La. Mar. 5, 2019) (entering notice of dismissal with prejudice). Prior to starting PARMET PC, while associated with another firm, Mr. Parmet was counsel in many large-scale wage-and-hour class/collective actions which ended in recovery for plaintiffs. *See*, *e.g.*, *Baker v. DrilTech, LLC*, No. 6:16-cv-00309-SMH-CBW, ECF No. 36 (W.D. La. May 15, 2018) (approving FLSA settlement agreement); *Daniels v. Prod. Mgmt. Indus., LLC*, NO. 6:15-cv-02567-UDJ-PJH, ECF No. 66 (W.D. La. Apr. 20, 2018), *adopted by* ECF No. 67 (W.D. La. May 3, 2018) (same); *Johnson v. Pat Williams Constr., LLC*, No. 1:17-cv-00591-JTT-MLH, ECF No. 36 (W.D. La. Mar. 16, 2018) (same); *Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (same); *Crow v. ProPetro Svcs., Inc.*, No. 7:15-cv-00149-RAJ, ECF No. 87 (W.D. Tex. Jun. 20, 2017) (same); *Riddle v. Detel Wireless, LLC*, No. 1:16-cv-00433-DDD-JPM, ECF No. 31 (W.D. La. Mar. 3, 2017) (same); *Cantu v. Circle Bar A, Inc.*, No. 5:15-cv-00468-XR, ECF No. 52 (W.D. Tex. Jun. 23, 2016) (same); *Travis v. CAB Logistics, Inc.*, No. 5:15-cv-00351-RP, ECF No. 59 (W.D. Tex. Jun. 6, 2016) (same). Because Plaintiffs are represented by experienced counsel, the Court may rely upon their judgment as to the benefits of settlement in relation to the risks of litigation and trial. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

The Parties and their respective counsel agree the Settlement Agreement is a fair and reasonable compromise of a bona fide dispute regarding the claims alleged by Plaintiffs in

light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties. The Parties have engaged in arm's-length and extended settlement negotiations. Because the Settlement is a fair and reasonable compromise given the considerations outlined above, the Court should approve the settlement.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

### 2.1.    There was no fraud or collusion in arriving at the settlement. (Factor 1.)

The settlement is a product of the extended negotiations of the Parties, including arms-length negotiation of counsel and a half-day mediation with Mr. Clifford. There was no fraud or collusion by any participant. Ex. B, Parmet decl. This is self-evident in this case, as Plaintiffs are being provided with 100% of their straight-time backwages and liquidated damages, and significant relief regarding their regular rate claims.

### 2.2.    The case was settled after significant litigation. If not resolved, further, extensive litigation would follow. (Factors 2-4.)

This case was settled after substantial investigation and work by the Parties and their counsel. The work undertaken by Plaintiffs and Plaintiffs' counsel included:

- Investigation of Arc and its management and ownership;

- Review of Department of Labor database and records;

- Review of court records for similar or related cases involving Arc and its management and ownership;

- Review of legal authority, including court orders and administrative guidance, regarding legal issues before and during the course of the lawsuit;

- Filing and serving Plaintiffs' original complaint;

- Obtaining certification of the class, sending class notice, and managing the class;

- Drafting and sending Plaintiffs' disclosures and expert designation;

- Reviewing Plaintiffs' documents and production;

- Reviewing Arc's production, including nearly 1,000 pages of documents and large spreadsheets with data;

- Analyzing and processing data for Plaintiffs and potential class members, including creating a damage model for the data;

- Attending hearings and status conferences with the Court;

- Attending mediation; and

- Negotiating and finalizing the Parties' Settlement Agreement and approval documents.

If the case were not settled, there would be extensive work to come, including written discovery to and from all Parties and associated discovery disputes, depositions of both sides, dispositive motions, and questions regarding applicability of the FLSA, Plaintiffs' damages, Arc's good faith and willfulness, and decertification.

In all, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and certainty of their damages.

Moreover, as detailed in Arc's declaration, the settlement represents the maximum amount that Arc was able to contribute to this settlement at this time. Further litigation would

not only reduce the resources available to make available for settlement, but also placed any recovery by Plaintiffs into jeopardy. Ex. C, Arc decl.

      **2.3.**    **The participants agree settlement is in the best interest of Plaintiffs and the class.**

Finally, that this settlement in the best interest of Plaintiffs is an opinion shared by both Plaintiffs and their counsel. Ex. B, Parmet decl.

      **3.**    **The Court should allow a service award for Malone.**

The terms of the settlement allow Malone to receive a service award of $3,000 to be paid from the gross settlement amount for his role in initiating the investigation and litigation of this matter, serving as class representative, responding to counsel's questions, providing documents, attending mediation, and assisting counsel.

Courts routinely approve incentive awards to compensate class representatives for the services they provided and the risks they incurred during the course of the class action litigation. *See*, *e.g.*, *Caligiuri v. Symantec Corp.,* 855 F.3d 860, 868 (8th Cir. 2017) (approving $10,000 incentive award to each named plaintiff); *Wineland v. Casey's Gen. Stores, Inc.*, 267 F.R.D. 669, 677 (S.D. Iowa 2009) (same); *McClean v. Health Sys., Inc.*, No. 6:11-CV-03037-DGK, 2015 WL 12513703, at *1 (W.D. Mo. Aug. 4, 2015) (approving $5,000 incentive award to each named plaintiff). Incentive awards are intended to reflect the substantial service and risk provided by a lead plaintiff, and can often be substantial. *See, e.g., Sanders v. MPRI, Inc.,* No. 5:08-cv-00345-R, ECF No. 180 (W.D. Okla. Oct. 19, 2009) (approving incentive awards to helpful plaintiffs of up to $14,300); *Lucken Family Ltd. P'ship, LLLP v. Ultra Res., Inc.*, No. 09-cv-01543-REB-KMT, 2010 WL 5387559, at *6 (D. Colo. Dec. 22, 2010) (approving incentive award of $10,000 as being "well within the range of reasonable incentive awards"); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990)

(approving incentive awards ranging from $35,000 to $50,000); *Glass v. UBS Financial Servs., Inc.*, No. C-06-4068, 2007 WL 221862, *16 (N.D. Cal. 2007), aff'd, 331 Fed.Appx. 452 (9th Cir. 2009) (approving $25,000 incentive awards to each named plaintiff); *Van Vranken v. Atlantic Richfield Co.*, 901 F.Supp. 294, 300 (N.D. Cal. 1995) (approving $50,000 incentive award to lead plaintiff).

> **4.     Plaintiffs' attorney fees and litigation expenses are part of the agreement between the Parties.**

A portion of the settlement is separately negotiated and allocated to the payment of Plaintiffs' attorneys' fees and case expenses, as set in Plaintiffs' continent fee contract with their counsel. It is entirely appropriate for the issue of attorneys' fees to be settled by the parties themselves. *See*, *e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee.").

Although the Parties have requested Court approval of the settlement, recent authority has increasingly questioned whether a court is required to (or even has the power to) examine or approve of the attorneys' fees' in an FLSA settlement. *E.g.*, *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1028 (8th Cir. 2019).[1] In *Barbee*, the Eighth Circuit concluded that not only was the approval of attorneys' fees not required, but that "the district court's authority [over a wage settlement] did not extend beyond concluding the merits settlement was satisfactory." 927 F.3d at 1027. The Eighth Circuit found the parties' agreement on the issue was conclusive unless there was some reason to believe the fees had some "bearing on whether the employer had adequately paid its employees in a settlement." *Id.*

---

[1] There has been a growing trend of cases finding that judicial approval of any portion of an FLSA settlement is not required or appropriate, absent special circumstances. *E.g.*, *Hawthorn v. Fiesta Flooring, LLC*, No. 1:19-cv-00019-WJ-SCY, 2020 WL 3085921, at *3-4 (D.N.M. Jun. 10, 2020).

Cases declining to review attorneys' fees are in line with the actual language of the FLSA, which does not require the approval of attorneys' fees. *See* 29 U.S.C. § 216. "[T]he FLSA's underlying purpose" is, after all, "protecting workers' rights," not ensuring defendants have fairly compensated plaintiff's counsel. *Barbee*, 927 F.3d at 1027 (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)) (internal quotation marks omitted). As a result, "[t]he Court's review of a proposed FLSA settlement is properly limited only to those terms precisely addressing the compromised monetary amounts to resolve pending wage and overtime claims." *Bench v. Cheyenne Logistics, LLC*, No. 4:14-cv-1327, 2016 WL 2997591, at *3 (E.D. Mo. May 25, 2016) (quotation omitted).

The logic of *Barbee* and similar cases applies in both collective actions and individual cases. Unlike Rule 23 Class actions, the review of FLSA settlements comes from the need to protect the workers before the court, not in ensuring absent class members are treated fairly. *See Lawson v. Procare CRS, Inc.*, No. 18-cv-00248-TCK-JFJ, 2019 WL 112781 (N.D. Okla. Jan. 4, 2019); *see also* Fed. R. Civ. P. 23(e)(2) (requiring approval only "[i]f the proposal would bind class members"). "Accordingly, despite discussion of attorney fees in th[is] joint motion, this Court need not review that aspect of the[ ] motion." *Loveless v. Ecotech, LLC*, No. 4:19-cv-02698-SNLJ, 2020 WL 1032239, at *1 (E.D. Mo. Mar. 3, 2020).

Plaintiffs note, however, that the attorneys' fees in this case are in line with Fifth Circuit precedent. In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%.[2] *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001); *see also*, *e.g.*, *In re Bayou Sorrell Class Action*, 2006 WL 3230771, at *5 ("40% fees have been

---

[2] The Fifth Circuit notes this was the customary fee for cases "against the government," but Plaintiffs' counsel does not believe this distinction to be material.

awarded in similar [class] cases by Louisiana Federal District Courts."); (*Baker v. DrilTech, LLC*, No. 6:16-cv-00309-SMH-CBW, ECF No. 36 (W.D. La. May 15, 2018) (approving attorneys' fees of 40% of gross recovery in FLSA case); *Matthews v. Priority Energy Svcs., LLC*, No. 6:15-cv-00448-RWS-KNM, ECF No. 148 (E.D. Tex. Apr. 20, 2018), *adopted by* ECF No. 149 (E.D. Tex. May 11, 2018) (same); *Daniels v. Prod. Mgmt. Indus., LLC*, NO. 6:15-cv-02567-UDJ-PJH, ECF No. 66 (W.D. La. Apr. 20, 2018), *adopted* ECF No. 67 (W.D. La. May 3, 2018) (same); *Johnson v. Pat Williams Constr., LLC*, No. 1:17-cv-00591-JTT-MLH, ECF No. 36 (W.D. La. Mar. 16, 2018) (same); *Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (same); *Crow v. ProPetro Svcs., Inc.*, No. 7:15-cv-00149-RAJ, ECF No. 87 (W.D. Tex. Jun. 20, 2017) (Junell, J.) (same); *Legros v. Mud Control Equip., Co.*, No. 6:15-cv-01082-RFD-PJH, ECF No. 74 (W.D. La. Mar. 6, 2017) (same); *Riddle v. Detel Wireless, LLC*, No. 1:16-cv-00433-DDD-JPM, ECF No. 31 (W.D. La. Mar. 3, 2017) (same); *Cantu v. Circle Bar A, Inc.*, No. 5:15-cv-00468-XR, ECF No. 52 (W.D. Tex. Jun. 23, 2016) (Rodriguez, J.) (same).

For these reasons, attorneys' fees of 40% of the gross recovery by Plaintiffs is reasonable and necessary. Plaintiffs' counsel also seeks reimbursement of their advanced litigation expenses. For these and remaining costs, Plaintiffs' counsel requests reimbursement of costs and expenses in the amount of $4,515.

**D.   CONCLUSION**

For these reasons, the Court should approve the Settlement Agreement reached by the Parties.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
Texas Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, Texas 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiffs**

*/s/ Jon Mark Hogg*

By: _____

**Jon Mark Hogg**
Texas Bar No. 00784286
**JACKSON WALKER LLP**
135 W. Twohig, Ste. C
San Angelo, TX 76903
Ph: (325) 481-2558
Fax: (325) 481-2571
e-mail:jhogg@jw.com

**Brooke Leondar**
Texas Bar No. 24109466
**JACKSON WALKER LLP**
1401 McKinney St., Ste. 1900
Houston, TX 77010
phone  713 752 4371
fax     713 752 4221
bleondar@jw.com

**Attorneys for Defendants**

- 12 -

## CERTIFICATE OF SERVICE

On January 7, 2021, I served a copy of this document on all registered parties and/or their counsel of record, via the Court's CM/ECF system.

*/s/ Matthew S. Parmet*

_____

Matthew S. Parmet